IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 4:95-CR-172-D |
| VS. § | |
| § | |
| TERRY LEE OWENS, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Terry Lee Owens ("Owens") moves for a sentence reduction under 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the United States Sentencing Guidelines. The government opposes the motion on the ground that the amendment does not lower Owens' guideline range. On January 17, 2012 the court appointed the Federal Public Defender to represent Owens and granted him permission to file a reply to the government's opposition response. Owens has not filed a reply, and the court now denies the motion.

I

Owens was originally sentenced in this case in 1997 by Judge McBryde. At that time, his total offense level was 37. Based on a criminal history category of III, this resulted in a guideline range of 262 to 327 months. Judge McBryde sentenced Owens to 294 months' imprisonment, the midpoint in the range. Later, the United States Sentencing Commission adopted Amendment 706 and, by Amendment 711, made Amendment 706 retroactive. In February 2008 Owens filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), which the government did not oppose. Owens' total offense level was reduced by the amendment to 35. Together with a criminal history category of III, this resulted in a guideline range of 210 to 262 months. On April 28, 2008

the court reduced his sentence to 236 months' imprisonment, the midpoint of the new range. After the United States Sentencing Commission adopted Amendment 750, Owens filed the instant motion.

II

As a result of Amendment 750, Owens' guideline range remains the same. His offense level is 35, and his criminal history category is III. Under 18 U.S.C. § 3582(c)(2),

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*.

*Id.* (emphasis added). Under U.S.S.G. § 1B1.10(a)(1), "[a]s required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement." U.S.S.G. § 1B1.10(a)(2)(B), under the subpart entitled "Exclusions," provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B) (Supp. 2011). Because the amendment on which Owens relies does not have the effect of lowering his applicable guideline range, he is not eligible for a sentence reduction.

Accordingly, Owens' November 14, 2011 motion for a reduction of term of imprisonment pursuant to Title 18 U.S.C. § 3582(c)(2) is denied.

**SO ORDERED.**

June 7, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE